946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Augusto RIASCOS, Defendant-Appellant.
 No. 90-30063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Oct. 11, 1991.
 
 Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Riascos appeals the district court's denial of his motions for acquittal and dismissal of charges. He challenges the sufficiency of the evidence supporting his convictions for (1) conspiracy to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846, (2) possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (3) interstate travel in aid of racketeering, 18 U.S.C. § 1952, and (4) facilitating the sale of unlawfully imported cocaine, 18 U.S.C. § 545.[1] We affirm.
 
 
 3
 * The evidence is sufficient for a rational jury to find Riascos guilty beyond a reasonable doubt of conspiracy to distribute cocaine. Four individuals involved in the cocaine operation run by Donald Sowell, Jr. identified Riascos as Sowell's source of supply and described Riascos's participation in Sowell's drug trafficking network. Leroy Thomas testified that he introduced Riascos to Sowell and allowed the two to use Thomas's house for cocaine transactions. Donald Sowell identified Riascos as his source of cocaine. Juan Castillo, Riascos's driver for several meetings with Sowell, described how Riascos delivered cocaine to Sowell. Dale Stiebritz, one of Sowell's couriers, identified Riascos as the cocaine source to whom he was introduced at Thomas's house. Sowell's log records narcotics transactions with "Bola," whose phone number was traced to a beeper purchased by Riascos. Police found Riascos's passport in Thomas's residence, where the cocaine transactions took place; a fingerprint expert identified Riascos's fingerprints on the passport.
 
 
 4
 Riascos argues that prosecution witnesses fabricated a "Columbian connection" so that they could testify about it in exchange for reduced sentences. He points out that all witnesses identifying him were cooperating with the prosecution. Although the fact of cooperation may diminish the credibility of these witnesses, it does not foreclose the jury from making a credibility determination in the witnesses' favor.
 
 
 5
 Riascos also argues that the witnesses did not know his real name; they referred to him only as "Bola." But knowledge of Riascos's real name is not necessary to identify him as Sowell's source of supply.
 
 
 6
 Riascos argues that the agreement element of conspiracy was not satisfied because, at the time of the alleged conspiracy, he spoke only broken English and had to rely heavily on Thomas in conducting negotiations with Sowell. The agreement element of conspiracy, however, can be inferred from conduct alone. See United States v. Cloud, 872 F.2d 846, 852 (9th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 561, 107 L.Ed.2d 556 (1989). Here, Riascos's continued participation in Sowell's operation supports such an inference.
 
 
 7
 Riascos also relies on Thomas's admission that he had lied when he told Sowell that "Bola" had arrived at Thomas's residence with cocaine. The most Thomas's admission does is impeach him as a witness; "blowing smoke" to Sowell on one occasion does not so damage Thomas's credibility as to preclude a jury from believing his testimony. Nor does Bola's absence from the residence on one occasion indicate that he did not participate in Sowell's operation.
 
 
 8
 Finally, Riascos points out that the stamps on his passport indicate that he was not in the country during September, October, and November of 1983, and January of 1984. Much of his alleged participation in the conspiracy took place during these months. This fact was brought to the attention of the jury. While the passport stamps are evidence in Riascos's favor, in light of all the other evidence, a rational jury could nevertheless have decided that Riascos was in the country illegally during parts of his participation in Sowell's operation.
 
 II
 
 9
 Because there was sufficient evidence for a jury to find Riascos guilty of conspiracy, he is liable for the substantive offenses as well. Pinkerton v. United States, 328 U.S. 640, 646-48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Both Sowell's possession of cocaine with intent to distribute and Sowell's interstate travel to conduct the transactions were undertaken in furtherance of and during the conspiracy to distribute the cocaine. Even if Riascos did not know Sowell was travelling from Washington, interstate travel to purchase or distribute the cocaine could be "reasonably foreseen" as a "natural consequence" of the transactions. See Pinkerton, 328 U.S. at 648, 66 S.Ct. 1180, 90 L.Ed. 1489. See generally United States v. Crespo de Llano, 830 F.2d 1532, 1545 (9th Cir.1987) (conviction for possession affirmed under Pinkerton where defendant's co-conspirator actually possessed the cocaine).
 
 
 10
 18 U.S.C. § 545 (smuggling goods into the United States) is violated when the person knowingly "facilitates" the sale of any "merchandise contrary to law." There was evidence that the cocaine supplied was illegally imported into the United States. By supplying it to Sowell, Riascos facilitated such a sale, thus making Riascos directly liable for violating § 545. Also, facilitation of the sale of cocaine made up an essential part of the conspiracy to distribute, and thus Riascos is liable under a Pinkerton theory.
 
 
 11
 Riascos argues that he never verbally insisted that Sowell travel between states and that there was no tangible proof that Riascos himself possessed cocaine. Under Pinkerton, it is not necessary for Riascos to have done or even requested his co-conspirator's acts; the offenses must merely have been committed in furtherance of and during the conspiracy.
 
 III
 
 12
 Riascos contends that the district court erred in not granting his motions for acquittal and dismissal of charges. Considering the evidence against Riascos in the light most favorable to the government, as we must, United States v. Brannan, 898 F.2d 107, 109 (9th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 100, 112 L.Ed.2d 71 (1990), we find no error in the district court's refusal to grant the motions.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Riascos asks that we "review the entire record on appeal and not limit ... review solely to the issues raised in the brief." This is inappropriate. Rule 28(a) of the Federal Rules of Appellate Procedure requires an appellant's brief to include "a statement of the issues presented for review" and "the contentions of the appellant with respect to the issues presented." Fed.R.App.P. 28. Issues raised in a brief that are not supported by argument are deemed abandoned unless failure to review them would result in manifest injustice. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). Here, Riascos does not hint at what extra issues are to be considered. Accordingly, we review only the issues raised and argued in his brief